UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK  
-----------------------------------------------------------------X  
GARY FORD, on behalf of the Estate of Ruby Webb,

                Plaintiff,

    -against-

NASSAU UNIVERSITY MEDICAL CENTER, *et al.*,

                Defendants.  
-----------------------------------------------------------------X

For Online Publication Only

**ORDER**  
21-CV-6710 (JMA) (AYS)

**AZRACK, United States District Judge:**

      Before the Court is the *in forma pauperis* application filed by Gary Ford, acting *pro se*, on behalf of the Estate of Ruby Webb ("Plaintiff"). (*See* ECF No. 5.) For the reasons that follow, the application to proceed *in forma pauperis* is denied without prejudice and with leave to renew upon completion of the AO 239 Long Form *in forma pauperis* application ("Long Form") attached to this Order. Alternatively, Plaintiff may remit the $402.00 filing fee.

      To qualify for *in forma pauperis* status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The purpose of the statute permitting litigants to proceed *in forma pauperis* is to ensure that indigent persons have equal access to the judicial system. *Davis v. NYC Dept. of Educ.*, 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. August 27, 2010) (citing *Gregory v. NYC Health & Hospitals Corp.*, 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). The determination of whether an applicant qualifies for *in forma pauperis* status is within the discretion of the district court. *DiGianni v. Pearson Educ.*, 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citing *Choi v. Chemical Bank*, 939 F. Supp. 304, 308 (S.D.N.Y.

1996)).  The court may dismiss a case brought by a plaintiff requesting to proceed *in forma pauperis* if the "allegation of poverty is untrue."  28 U.S.C. § 1915(e)(2)(A).

Plaintiff's application to proceed *in forma pauperis*, filed together with the complaint, does not include sufficient information concerning Plaintiff's financial position.  Plaintiff reports that he is unemployed and has checked the box on the form to indicate that his only source of income in the past 12 month is from "disability or worker's compensation payments" but has not included the amount he received as is required.  (*See* ECF No. 2, ¶¶ 2-3.)  Plaintiff also reports having no money in cash or in an account, and no assets.  (*Id.* at ¶¶ 4-5.)  As for expenses, the only reported regular monthly expenses disclosed by Plaintiff are $320.00 for "gas", "electric", and "estate expenses".  Wholly absent are any expenses for items such as rent or a mortgage, food, and transportation.  (*Id.* ¶ 6.)  Further, Plaintiff reports that he contributes $300.00 per month to support his two children and has an "estate expense/debt owed $275,000."  (*Id.* ¶ 7-8.)

As is readily apparent, Plaintiff's application raises more questions than it answers. Because the Court finds that Plaintiff can best set forth his current financial position on the Long Form, the present application to proceed *in forma pauperis* is denied without prejudice and with leave to renew on the Long Form within fourteen (14) days from the date of this Order. Alternatively, Plaintiff may remit the $402.00 filing fee.  Plaintiff is warned that a failure to timely comply with this Order may lead to the dismissal of the complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).[1]

---

[1]  Plaintiff is cautioned that there are no refunds of the filing fee, once paid, regardless of the outcome of the case. Accordingly, Plaintiff is well-advised to consider the merit of his claims as well as any threshold issues such as any limits on the Court's jurisdiction to adjudicate his claims, including the statute of limitations.  Moreover, a non-lawyer is unauthorized to represent anyone other than himself in federal court.  Plaintiff is encouraged to avail himself of the free resources provided by the *Pro Se* Legal Assistance Program run by Hofstra Law School and he may reach them by telephone at 631-297-2575 or by e-mail: PSLAP@hofstra.edu.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of the Court shall mail a copy of this Order to the Plaintiff at his address of record.

**SO ORDERED**.

Dated: January 10, 2022
Central Islip, New York

/s/   JMA
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

3